THE HONORABLE, THE ASSEMBLY
By Resolution 19A, you have requested my opinion as to the validity of Bill 234A which would amend sec. 100.22 (1). Stats., as follows:
"100.22 (1) Any person, firm or corporation, foreign or domestic, engaged in the business of buying milk, cream or butter fat for the purpose of manufacture, that discriminates between different sections, communities, towns, villages or cities of this state, or between persons, firms or corporations in any locality of this state, by paying for such commodity at a higher price or rate in one section, community, town, village or city, or to any person, firm or corporation in any locality of this state, than is paid for the same commodity *Page 307 
by said person, firm or corporation, foreign or domestic, in another section, community, town, village or city, or to another person, firm or corporation in any locality of this state, where the effect may be to lessen substantially competition or to tend to create a monopoly or to injure, destroy or prevent competition, shall be guilty of unfair discrimination, which is hereby prohibited and declared unlawful; [providing, that it]* except:
"(a) It shall be a justification for such a discrimination in price if the difference is merely commensurate with an actual difference in the quality or quantity of the commodity purchased or in transportation charges or other expense of marketing involved in said purchase; provided, [further, that it.]*
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
"(b) It shall be a justification for such a discrimination in price if it is done in good faith to meet competition.
"(c) Dairymen may combine their production for purposes of collectivebargaining for price, and buyers who purchase such production throughsuch bargaining process shall not be in violation of this section."
I note that some proponents of the bill have argued that sec. 100.22, Stats., is unconstitutional. Section 100.22, was created by ch. 395, Laws of 1909, as sec. 1791n-1. Section 1791n-1, reads as follows:
"Any person, firm or corporation, foreign or domestic, engaged in the business of buying milk, cream or butter-fat for the purpose of manufacture, that shall intentionally, for the purpose of creating a monopoly or of destroying the business of a competitor in any locality, discriminate between different sections, communities, towns, villages or cities of this state, by buying such commodity at a higher price or rate in one section, community, town, village or city, than is paid for the same commodity by said person, firm or corporation in another section, community, town, village or city, after making due allowance for the difference, if any, in the actual cost of transportation from the point of purchase to the locality of manufacture, shall be deemed guilty of unfair discrimination, which is hereby prohibited and declared unlawful." *Page 308 
Subsection (1) of sec. 1791n-1, was amended by ch. 406, sec. 3, Laws of 1923, to read as follows:
"* * * Any person, firm or corporation, foreign or domestic, engaged in the business of buying milk, cream or butter fat for the purpose of manufacture, that shall * * * discriminate between different sections, communities, towns, villages or cities of this state, or betweenpersons, firms or corporations in any locality of this state, by * * *paying for such commodity at a higher price or late in one section, community, town, village or city, or to any person, firm or corporationin any locality of this state, than is paid for the same commodity by said person, firm or corporation, foreign or domestic, in another section, community, town, village or city, or to another person, firm orcorporation in any locality of this state, * * * shall be * * * guilty of unfair discrimination, which is hereby prohibited and declared unlawful;provided, that it shall be a justification for such a discrimination inprice if the difference is merely commensurate with an actual differencein the quality or quantity of the commodity purchased or intransportation charges or other expense of marketing involved in saidpurchase."
Section 1791n-1 was renumbered 133.09 by sec. 50, ch. 449, Laws of 1923. Subsequently, sec. 133.09, Stats., was renumbered 100.22
by sec. 358, ch. 550, Laws of 1935.
The constitutionality of sec. 100.22, Stats., was challenged in WhiteHouse Milk Co. v. Reynolds (1960), 12 Wis.2d 143, 106 N.W.2d 441. The New York corporation purchased milk at the same price from farmers at six different plants located at various parts in the State. The corporation alleged that the statute denied it freedom to contract and equal protection of the laws. The lower court declared the statute unconstitutional. The Wisconsin Supreme Court, however, stated that a statute is presumed to be constitutional and the burden of establishing the unconstitutionality thereof rests upon the person attacking it. The Court reversed the judgment and remanded same to the lower court for further proceedings. The Court stated at p. 150:
"We conclude that the facts pertaining to the marketing of milk in Wisconsin, the evils which may reasonably be *Page 309 
thought to result if buyers are legally free to offer different prices to different persons or in different localities, and the results which may reasonably be thought to flow from the existence and enforcement of sec.100.22, Stats., should be re-examined, and the questioned validity of sec. 100.22, freshly resolved upon a record which presents the pertinent facts."
However, no further proceedings were held.
Section 100.22 (1), Stats., was amended by ch. 386, Laws of 1961, to read as follows:
"100.22 (1) Any person, firm or corporation, foreign or domestic, engaged in the business of buying milk, cream or butter fat for the purpose of manufacture, that * * * discriminates between different sections, communities, towns, villages or cities of this state, or between persons, firms or corporations in any locality of this state, by paying for such commodity at a higher price or rate in one section, community, town, village or city, or to any person, firm or corporation in any locality of this state, than is paid for the same commodity by said person, firm or corporation, foreign or domestic, in another section, community, town, village or city, or to another person, firm or corporation in any locality of this state, where the effect may be tolessen substantially competition or to tend to create a monopoly or toinjure, destroy or prevent competition, shall be guilty of unfair discrimination, which is hereby prohibited and declared unlawful; provided, that it shall be a justification for such a discrimination in price if the difference is merely commensurate with an actual difference in the quality or quantity of the commodity purchased or in transportation charges or other expense of marketing involved in said purchase; provided, further, that it shall be a justification for such adiscrimination in price if it is done in good faith to meet competition."
You have requested my opinion as to the validity of the bill. I assume you are concerned as to its constitutionality. The general rule as to the constitutionality of such trade regulations is set forth at 16 Am. Jur. 2d, Constitutional Law, § 517, pp. 903-904 as follows: *Page 310 
"Since the establishment of regulations of a particular trade or business essential to the public health and safety is within the legislative capacity of the state in the exercise of its police power, the classification of the subjects of such legislation, so long as it has a reasonable basis and is not merely an arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to any person the equal protection of the laws. Legislation affecting alike all persons pursuing the same business under the same conditions is not class legislation. But if some persons engaged in a calling or business are subjected to special burdens or favored by special privileges while other persons engaged in the same calling or business are not so treated, the legislation is based upon unconstitutional discrimination."
It could be argued that the bill, if enacted into law, would permit discrimination against individual dairymen who decide not to join an association or group for purposes of collective bargaining for price, and thus, deny them of equal protection of the laws guaranteed by theFourteenth Amendment of the United States Constitution and Art. I, sec. 1, Wis. Const.
If the general purpose of the law is regulation, and not the suppression of lawful business, the fact that some persons on whom it operates may have to reconstruct their methods of doing business does not render the law void. MacLoren v. State (1910), 141 Wis. 577, 124 N.W. 667. In view of the fact that the bill would permit any dairyman to combine with others for purposes of collective bargaining for price, it is my opinion that the courts would find Assembly Bill 234 constitutional if enacted into law.
RWW:GBS